UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOMINIC PROFENNO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| PETCO ANIMAL SUPPLIES, INC. and | ) |
| FISH MART, INC. | ) |
| | ) |
| Defendants | ) |

## COMPLAINT
_____

Plaintiff Dominic Profenno complains against Defendants Petco Animal Supplies, Inc. and Fish Mart, Inc. as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Dominic Profenno is a resident of Portland, Maine.

2. Defendant PETCO Animal Supplies ("PETCO") is a Delaware corporation with a principal place of business in San Diego, California. Defendant PETCO owns and operates several pet stores in Maine and regularly transacts business in this state.

3. Defendant Fish Mart, Inc. is a Connecticut corporation with a place of business in New Haven, Connecticut. As of February 22, 2013 Defendant Fish Mart regularly sold live rats to PETCO for sale at PETCO's various retail locations, including PETCO store no. 296 in South Portland, Maine.

4. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, excluding interests and costs, exceeds $75,000.00.

5. Venue in this Court is proper under 28 U.S.C. §1391(b) by virtue of the fact that Mr. Profenno purchased a rat manufactured and placed in the stream of commerce by Fish Mart at PETCO's retail store in South Portland, Maine and a substantial part of the events or omissions giving rise to Mr. Profenno's claims occurred in Maine.

6. Based on the foregoing, the Defendants are subject to personal jurisdiction in Maine.

## FACTS COMMON TO ALL COUNTS

7. On February 22, 2013, Mr. Profenno purchased a rat to feed to his son's pet snake at PETCO store no. 296 in South Portland, Maine (the "PETCO Rat").

8. At the time of sale, the PETCO Rat was carrying rat bite fever, a bacterium that can cause serious illness and death when transmitted to humans. The United States Centers for Disease Control ("CDC") website states that rat bite fever can be transmitted by the mere handling of an infected rodent, even in the absence of a bite or scratch:

> *S. moniliformis* and *S. minus* are part of the normal respiratory flora of rodents. Either organism may be transmitted to humans through bites or scratches. Infection can also result from handling an infected rodent (even with no reported bite or scratch), or ingestion of food or drink contaminated with these bacteria (Haverhill fever).[1]

9. According to the CDC, the normal incubation period following exposure to rat bite fever is three to ten days.[2]

10. As of February 22, 2013, it was the Profennos' practice to purchase a rat to feed to the snake every two to four weeks, and all of the rats purchased for this snake prior to February 22, 2013 were purchased at PETCO store no. 296 in South Portland, Maine.

---

[1] http://www.cdc.gov/rat-bite-fever/health-care-workers/index.html#transmission
[2] *Id.*

11. From February 22 through March 13, the PETCO Rat was kept in a 10 gallon aquarium in Mr. Profenno's apartment. During this period, there were no other rats in Mr. Profenno's apartment, nor did Mr. Profenno or the rat have contact with any other rats or other rodents capable of transmitting rat bite fever.

12. On Tuesday, March 12, 2013, the rat bit Mr. Profenno twice. Although these bites were painful, Mr. Profenno did not contemplate the possibility of contracting a disease from these bites and the snake subsequently consumed the PETCO Rat.

13. As a direct and proximate result of being exposed to the PETCO Rat, Mr. Profenno contracted rat bite fever. This disease caused Mr. Profenno to experience the following ailments, without limitation: multiple spinal abscesses, painful inflammation of his joints, extreme debilitation and pain and suffering.

14. As a result of contracting rat bite fever from the PETCO Rat, Mr. Profenno was hospitalized for thirty-five consecutive days and is still receiving regular treatments for this disease. To date, Mr. Profenno has incurred over $170,000.00 in medical expenses.

## COUNT I
**Breach of Implied Warranty – Uniform Commercial Code § 2-314**

15. Plaintiff repeats the allegations in Paragraphs 1 through 14 of the Complaint.

16. The diseased PETCO Rat sold to Mr. Profenno on February 22, 2013 constitutes a "good" within the meaning of Maine's Uniform Commercial Code, 11 M.R.S.A. § 1101 *et. seq.*

17. Based on the foregoing, the sale of the diseased PETCO Rat to Mr. Profenno on February 22, 2013 constitutes a breach of the implied warranty of merchantability set forth in 11 M.R.S.A. § 2-314.

18. As a result of this breach, Mr. Profenno has suffered consequential damages pursuant to 11 M.R.S.A. §2-715, including without limitation physical injuries, pain and suffering, loss of enjoyment of life and medical expenses.

## COUNT II
### Strict Liability - 14 M.R.S.A. § 221

19. Plaintiff repeats the allegations in Paragraphs 1 through 18 of the Complaint.

20. The diseased PETCO Rat sold to Mr. Profenno on February 22, 2013 constitutes an "unreasonably dangerous product" as that term is defined under Maine's strict liability statute, 14 M.R.S.A. § 221.

21. The PETCO Rat was carrying rat bite fever at the time it was sold to Mr. Profenno and between the date of sale and the date of the rat bite, there was no significant change in the condition of the PETCO Rat.

22. Mr. Profenno was a person whom PETCO and Fish Mart might reasonably have expected to use, consume or be affected by the PETCO Rat.

23. Mr. Profenno suffered damages as a result of his contact with the PETCO Rat including without limitation physical injuries, pain and suffering, loss of enjoyment of life and medical expenses.

24. Mr. Profenno is also entitled to an award of punitive damages, as at the time the PETCO Rat was sold to Mr. Profenno, Defendants were aware that diseased live rats are unreasonably dangerous products capable of causing serious injury or death. Despite this knowledge, the Defendants willfully and maliciously continued to sell live rats to the general public without adequate warnings.

## COUNT III
### Negligence

25. Plaintiff repeats the allegations in Paragraphs 1 through 24 of the Complaint.

26. By virtue of the foregoing, on February 22, 2013 Defendants PETCO and Fish Mart owed Plaintiff a duty of reasonable care with respect to the sale of the PETCO Rat. Among other things, Defendants had a duty to exercise reasonable care in order to ensure that they did not place diseased animals into the stream of commerce and to provide adequate warnings to consumers.

27. Based on the foregoing, Defendants have breached their duty of reasonable care.

28. As a result of Defendants' breach, Plaintiff has suffered damages, including without limitation physical injury, pain and suffering and loss of enjoyment of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dominic Profenno prays for the following relief:

A. That the Court hold Defendants PETCO and Fish Mart individually, jointly and severally liable for Plaintiff Dominic Profenno's injuries in this case:

B. That the Court enter a judgment for damages against Defendants to compensate Mr. Profenno for his extensive injuries in this case and to deter such future conduct on the part of the Defendants;

C. That the Court award Mr. Profenno his costs and reasonable attorney fees; and

D. That the Court grant such other and further relief as it deems just.

Dated:  April 23, 2014

            Respectfully submitted,


            /s/ Thomas L. Douglas, Esq.
            Thomas L. Douglas, Esq.
            DOUGLAS MCDANIEL
            CAMPO & SCHOOLS LLC, PA
            90 Bridge Street, Suite 100
            Westbrook, ME  04092
            (207) 591-5747
            *E-mail: tdouglas@douglasmcdaniel.com*